**Enda McDONNELL, Plaintiff–Appellee,**

v.

**E.W. BLANCH CO., INC.,
Defendant–Appellant.**

**No. 00–7983.**

United States Court of Appeals,
Second Circuit.

March 16, 2001.

Stewart D. Aaron, Dorsey & Whitney, New York, NY, for appellant.

Helen Gavaris, Loeb & Loeb, New York, NY, for appellee.

Present PARKER, SACK, and KATZMANN, Circuit Judges.

SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the decision of said District Court be and it hereby is AFFIRMED.

Defendant–Appellant E.W. Blanch Co., Inc. appeals from the district court's July 21, 2000 order, denying Defendant–Appellant's motion for a preliminary injunction. *See McDonnell v. E.W. Blanch Co., Inc.,* No. 00 Civ. 4373(WHP) (S.D.N.Y. July 21, 2000).

Defendant–Appellant moved for a preliminary injunction to enforce the terms of a restrictive covenant set forth in an employment agreement between Defendant–Appellant and Plaintiff–Appellee Enda McDonnell. The district court denied the motion, concluding that Defendant Appel-lant had failed to demonstrate a likelihood of success on the merits because, under New York law, the restraints contained in the restrictive covenant are unreasonably broad and therefore unenforceable.

In addition, the district court, finding that Defendant–Appellant had failed to show that the restrictive covenant was the product of fair dealing, rejected Defendant–Appellant's proposal for "blue-penciling" the agreement.

After carefully reviewing the record below and the parties' arguments on appeal, we affirm for substantially the same reasons as stated in the district court's order. *See McDonnell v. E.W. Blanch Co., Inc.,* No. 00 Civ. 4373(WHP) (S.D.N.Y. July 21, 2000).

For the reasons set forth above, the judgment of the district court is AFFIRMED.